# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET. NO. 3:18-CR-11-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| JACQUES DAEKWON HECKSTALL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 26). The Government has responded in opposition to the motion. (Doc. No. 29).

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, as the Government asserts in its brief in opposition, Defendant did not exhaust his administrative remedies before filing the pending motion.

Defendant argues that he "should be excused from the requirement … to exhaust his administrative remedies" because "the administrative remedy process at Beckley FCI is biased and designed to harass or discourage those with legitimate claims." (Doc. No. 26 at 5). The Court is unable to grant this request, as the statute's requirement to exhaust administrative remedies is mandatory. The Court lacks power to amend the plain meaning of a statute even if Defendant were able to substantiate his claims about the administrative remedy process at Beckley FCI. Fortunately for Defendant, the statute provides a remedy for faulty prison administrative remedy processes by

empowering him to appeal to this Court—but only after he has at least attempted to avail himself of Beckley FCI's administrative remedy process, however imperfect, and provided proof that he has done so.

BOP records show that Defendant has not made a compassionate release request. (Doc. No. 29-3). Because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se "Motion for Compassionate Release/Reduction of Sentence," (Doc. No. 26), is **DENIED**, without prejudice to Defendant to refile the motion after he has exhausted his administrative remedies with the BOP.

Signed: March 25, 2022

Max O. Cogburn Jr
United States District Judge